SHERRARD v STEVENS

Docket No. 98461. Submitted July 6, 1988, at Lansing. Decided October 31, 1988.

Wayne and Janet Sherrard brought a legal malpractice action against Gerald M. Stevens in the Shiawassee Circuit Court. Defendant had represented plaintiffs in federal and state court proceedings relating to two children who were removed from plaintiffs' foster care, but whom plaintiffs desired to eventually adopt. A jury returned a verdict in favor of plaintiffs and awarded them $204,883.54 in actual damages and $100,000 in exemplary damages. The trial court, Paul J. Clulo, J., entered a judgment consistent with the verdict. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in allowing plaintiffs to amend their complaint to add claims of wilful and wanton misconduct in a prayer for exemplary damages.

2. The trial court did not abuse its discretion in denying defendant's request for supplemental jury instructions which would have instructed the jury that, at the time of defendant's representation of plaintiffs, an attorney of ordinary learning, judgment and skill was justified in advising his client, as defendant did, that foster parents may have a constitutionally protected liberty interest which entitled them to a postremoval hearing if they could prove a reasonable expectation of a long-term relationship with the foster child.

3. By failing to cite authority in support of his position, defendant has waived appellate review of his claim that the trial court erred in instructing the jury both that plaintiffs were entitled to but one recovery and that the jury could find for the plaintiffs on damages previously compensated for in another action.

Affirmed.

1. PLEADING — AMENDMENT OF PLEADINGS.

A motion to amend pleadings ordinarily should be granted, and

REFERENCES

Am Jur 2d, Pleading §§ 309-314; Trial §§ 576-599.

See the Index to Annotations under Amendment of Pleadings; Instructions to Jury.

denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment; the leave sought should, as the rule requires, be "freely given" (MCR 2.118).

2. Trial — Jury Instructions.

A trial court, when standard jury instructions do not adequately cover a particular area, is obligated to give additional jury instructions when requested where those instructions properly instruct on the applicable law; it is within a trial court's discretion whether a proposed jury instruction is applicable and accurately states the law.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Timothy J. Donovan*), for plaintiffs.

*Mansour, Rizik & Cronin, P.C.* (by *Anthony J. Mansour*), for defendant.

Before: Beasley, P.J., and Sawyer and T. J. Foley,* JJ.

Per Curiam. Defendant appeals from a judgment in favor of plaintiffs in the amount of $204,883.54 in actual damages and $100,000 in exemplary damages for legal malpractice. We affirm.

Plaintiffs became foster parents of two children in May of 1978. The two girls lived with plaintiffs for one year while proceedings were pending to terminate the parental rights of the girls' natural parents. Plaintiffs desired to eventually adopt the two girls, though no petition to adopt had yet been filed. The children were removed from plaintiffs' custody in May of 1979 because of "disturbed behavior" on the part of plaintiff Wayne Sherrard.

After the girls were removed from their care, plaintiffs consulted defendant concerning the mat-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ter. Defendant advised plaintiffs that they had a federal civil rights claim and offered to pursue it in federal court. Defendant required a retainer of $1,000. Several informal meetings were held in June and July of 1979 to secure the return of the children, without success. Defendant requested and received another $6,000 retainer from plaintiffs.

On August 16, 1979, defendant filed suit on behalf of plaintiffs in federal district court. The lawsuit named as defendants the family and child services agency, the probate judge involved, and the guardian ad litem for the two children. Defendant informed plaintiffs that his advice to file the suit was based upon *Smith v Organization of Foster Families for Equality & Reform,* 431 US 816; 97 S Ct 2094; 53 L Ed 2d 14 (1977), and that based upon his research he believed that plaintiffs' action had a "50/50 chance" of success. Defendant requested and received an additional $13,000 retainer to initiate this suit. An additional $6,000 retainer was requested and received on October 9, 1979.

On November 6, 1979, defendant received a letter from the attorney representing the probate judge which advised that the parental rights of the children's natural parents had been terminated and invited plaintiffs to make a formal application for adoption. Defendant did not advise plaintiffs of the contents of the letter. Rather, he continually advised plaintiffs not to file an adoption petition.

Plaintiffs' federal civil rights case did not succeed. *Sherrard v Owens,* 484 F Supp 728 (WD Mich, 1980). Donald Peters, who was defendant's law clerk at the time, testified at trial that he brought to defendant's attention unfavorable authority and recommended against appealing the case. Although Peters estimated the chances of

success at eight to ten percent, defendant advised plaintiffs that the appeal had a "50/50" chance.

The federal appeal was unsuccessful and the United States Supreme Court denied certiorari in 1981. During this time period, defendant filed a slander suit on behalf of plaintiffs in Shiawassee Circuit Court against the family and child services agency and its case workers. Defendant characterized this suit as a "pressure tactic." Eventually plaintiffs requested that the suit be dismissed because it was not having the desired effect. Defendant advised plaintiffs that if the suit was dismissed, they would be exposed to a legal action for the attorney fees and costs of the family and child services agency. The suit was eventually settled for the nuisance value of $4,000.

In December of 1981, defendant engaged an attorney, Jack Coté, to seek a writ of superintending control in Ingham Circuit Court. In a personal meeting between plaintiffs and Coté, it was revealed that plaintiffs had paid in excess of $200,000 to defendant so far in the case. In February of 1982, plaintiffs asked Coté to take over their representation. Coté required the assistance of an armed security guard to take possession of plaintiffs' files from defendant.

After review of the file, Coté determined that there was no hope of the children being returned to plaintiffs. Given the length of time that the children had been separated from plaintiffs, and the fact that the children had since been placed in another adoptive home, Coté advised plaintiffs to discontinue any further efforts to obtain the children.

At the instant malpractice trial against defendant, plaintiffs offered the expert testimony of constitutional law professor Philip Prygoski, who testified that the federal action filed by defendant

had "zero" chance of success, and in his opinion should not have been filed. Prygoski testified that it was "terrible negligence" for defendant to advise the filing of the federal court action, rather than the filing of an adoption petition when the children became available for adoption in September of 1979.

Defendant offered the expert testimony of attorney John Wright. Wright testified that defendant's actions were consistent with the standard of practice for an attorney of ordinary learning, judgment and skill.

Defendant first argues that the trial court abused its discretion by allowing plaintiffs to amend their complaint to add claims of willful and wanton misconduct in a prayer for exemplary damages. We disagree. The Supreme Court explained the standard for granting amendment to pleadings pursuant to GCR 1963, 118.1, now MCR 2.118, in *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973):

> Our rule, as the Federal rule, is "designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v Hougham,* 364 US 310, 316; 81 S Ct 13, 18; 5 L Ed 2d 8, 14 (1960). A motion to amend ordinarily should be granted, and denied only for particularized reasons:
>
> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc,—the leave sought should, as the rules require, be 'freely given.'" *Foman v Davis,* 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962).

Prejudice refers to matters which would prevent a party from having a fair trial and not whether the amendment would affect the result of the trial. *Id.* at 657.

While we note that the amendment came shortly before trial, we also note that the amendment did not raise new factual allegations, but merely claimed new types of damages arising from the same set of factual allegations. Accordingly, we do not believe that the trial court abused its discretion in granting the motion to amend the complaint.

Defendant next argues that the trial court erred in refusing to rule, as a matter of law, that in 1979 an attorney of ordinary learning, judgment and skill was justified in advising his client that foster parents may have had a constitutionally protected liberty interest which entitled them to a postremoval hearing if they could prove a reasonable expectation of a long-term relationship with the foster child and instructing the jury accordingly. Specifically, defendant complains that the trial court erred in refusing to give defendant's requested supplemental instructions Nos. 39 and 40.

Where a standard jury instruction does not adequately cover a particular area, the trial court is obligated to give additional jury instructions when requested where those instructions properly instruct on the applicable law. *Shields v Grandstaff,* 161 Mich App 175, 181; 410 NW2d 308 (1987), lv gtd on other grounds 430 Mich 857; 420 NW2d 569 (1988). It is within the trial court's discretion to determine whether a proposed instruction is applicable and accurately states the law. *Id.* In the case at bar, we do not believe that the trial court abused its discretion in denying defendant's request to give the proposed instructions at issue.

Defendant's final argument is that it was an

abuse of discretion for the trial court to instruct the jury that plaintiffs were entitled to but one recovery and then instruct the jury that it could find for the plaintiffs on damages previously compensated for in another action. However, defendant fails to cite any authority in support of his position. Accordingly, defendant has waived appellate review of this issue. See *Butler v DAIIE,* 121 Mich App 727, 737; 329 NW2d 781 (1982).[1]

Affirmed. Plaintiffs may tax costs.

---

[1] We also note that the prior action involved different parties and different claims.