MILLS v WHITE CASTLE SYSTEMS, INC

Docket No. 128837. Submitted October 6, 1992, at Detroit. Decided December 28, 1992; approved for publication May 11, 1993, at 9:00 A.M. Leave to appeal sought.

Deborah M. Mills and Carolyn Ellis brought an action in the Macomb Circuit Court against White Castle Systems, Inc., seeking damages as a result of the defendant's alleged negligence in failing to maintain its premises in a safe and prudent manner because it allowed unruly patrons to congregate in its parking lot and, thereby, to attack the plaintiffs and because the defendant failed, refused, or neglected to call the police or to allow the plaintiffs' companion to call the police from the telephone on the premises. The court, Michael D. Schwartz, J., granted summary disposition for the defendant, finding that the defendant had no duty to protect the plaintiffs from assaults by third persons and that the plaintiffs therefore had failed to state a claim upon which relief could be granted. The plaintiffs appealed. The Court of Appeals, GILLIS, P.J., and WEAVER and G.S. ALLEN, JJ., reversed and remanded for further proceedings, finding that the plaintiffs had stated a negligence claim upon which relief could be granted and that there were questions of fact for the jury with regard to the proximate cause of the plaintiffs' injuries. 167 Mich App 202 (1988). On remand, the jury returned a verdict in favor of the defendant and the court entered a judgment of no cause of action. The plaintiffs appealed, alleging instructional error.

The Court of Appeals *held:*

1. Because the plaintiffs neither pleaded nor attempted to prove that the defendant had any obligation to provide police protection, it was error to instruct the jury that the defendant did not have such an obligation, essentially telling the jury that the defendant owed no duty to the plaintiffs. The confusion that likely resulted from the instruction requires a new trial, be-

REFERENCES

Am Jur 2d, Trial §§ 1078, 1100, 1102, 1103, 1138.
See ALR Index under Instructions to Jury.

cause the theories of the parties and the applicable law were not presented adequately and fairly to the jury.

2. The issue regarding the instructional error was preserved for appellate review.

3. The court properly refused to give the plaintiffs' proposed instruction that there was a duty to eject unruly patrons and to summon the police upon learning of criminal activity, because the standard jury instruction that was given regarding the duty owed by a business owner to invitees adequately covered the subject.

Reversed and remanded for a new trial.

1. TRIAL — JURY INSTRUCTIONS.

It is error for a trial court to submit to a jury an instruction regarding an issue that is not sustained by the evidence or the pleadings.

2. NEGLIGENCE — JURY INSTRUCTIONS.

It is error for a trial court to instruct a jury in a manner that misleads or confuses the jury; the theories of the parties and the applicable law must be presented adequately and fairly to the jury.

3. TRIAL — JURY INSTRUCTIONS — SUPPLEMENTAL INSTRUCTIONS.

A trial court generally is obligated to give additional jury instructions when requested if the supplemental instructions properly inform the jury with regard to the applicable law and the standard instructions do not adequately cover the subject; the determination whether a supplemental instruction is applicable and accurate is within the trial court's discretion.

*Gary J. Houghton,* for the plaintiffs.

*Paskin, Nagi & Baxter, P.C.* (by *Jeannette A. Paskin* and *Patricia J. Battersby*), for the defendant.

Before: SULLIVAN, P.J., and JANSEN and R. R. LAMB,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a judgment of no cause of action entered following the jury's verdict in favor of defendant. The trial

* Circuit judge, sitting on the Court of Appeals by assignment.

followed reversal of the circuit court's order granting summary disposition for failure to state a claim on which relief could be granted, MCR 2.116(C)(8), and remand from this Court. *Mills v White Castle System, Inc,* 167 Mich App 202; 421 NW2d 631 (1988). Plaintiffs claim instructional error requiring reversal. We agree, and vacate the judgment and remand for a new trial.

As they left defendant's restaurant, plaintiffs were attacked by a group of people who had been drinking and carousing in defendant's parking lot for at least forty minutes. Defendant did nothing to remove the group from the premises, and its manager refused either to call the police or to allow plaintiffs' companion to call the police from the telephone on the premises.

The trial court ruled that plaintiffs failed to state a claim because defendant did not owe plaintiffs a duty to protect them from assaults by third persons, relying on *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988). This Court reversed the summary disposition order, holding that plaintiffs stated a cause of action in negligence. The Court distinguished *Williams* on two grounds. First, this case, unlike *Williams,* did not charge the owner with failing to provide security guards. Rather, plaintiffs claimed that defendant had the duty to remove the dangerous condition by ejecting the intoxicated, unruly patrons from the premises. Second, in this case, plaintiffs did not claim that defendant should have intervened once the assault began. Rather, they claimed negligence in failing to summon the police or to allow plaintiffs' companion to summon help. *Mills, supra,* p 208.

At the trial on remand, the court read the standard jury instruction regarding the duty a business owner owes to invitees, SJI2d 19.03. The

court also gave a special instruction proposed by defendant, stating the rule in *Williams* as follows:

> [The] [d]uty of reasonable care a merchant owes a business invitee does not extend to providing armed visible security guards to protect customers from criminal acts of third parties. The merchant is not an insurer of the safety of invitees and for reasons of public policy does not have the responsibility for providing police protection on the business premises.

The court refused plaintiffs' request for a special instruction patterned on the prior *Mills* decision.

The special instruction, given as the last in a series of instructions relating to negligence, misled and confused the jury with respect to the duty of care owed by defendant to plaintiffs. The confusion likely to result from that instruction requires a new trial because the theories of the parties and the applicable law were not adequately and fairly presented to the jury. *Wiegerink v Mitts & Merrill,* 182 Mich App 546, 548; 452 NW2d 872 (1990). Plaintiffs neither pleaded nor attempted to prove that defendant had any obligation to provide police protection. It is error to submit an instruction regarding an issue that is not sustained by the evidence or made out by the pleadings. *Strach v St John Hosp Corp,* 160 Mich App 251, 282; 408 NW2d 441 (1987).

Defendant argues that plaintiffs failed to preserve this issue for appeal. Plaintiffs' attorney said he had no objection to the wording of defendant's proposed special instruction because it accurately stated the law. He argued, however, that without his proposed instruction concerning an exception to the rule of *Williams,* the instruction misinformed the jury. Plaintiffs also raised the issue in their motion for a new trial. We believe that the

trial court had the opportunity to consider the issue and that it was sufficiently preserved for review. In any event, when a defect in an instruction to which no objection was made pertains to a basic and controlling issue in a case, this Court may address the error in order to avoid manifest injustice. *Reisman v Regents of Wayne State Univ,* 188 Mich App 526, 532; 470 NW2d 678 (1991). Giving the *Williams* instruction in this case effectively told the jury that defendant owed no duty to plaintiffs. To allow the verdict to stand under these circumstances would be manifestly unjust.

We disagree with plaintiffs' contention that the court also erred in refusing their proposed instruction, which stated specifically that there was a duty to eject unruly patrons and to summon police upon learning of criminal activity. Generally, a trial court is obligated to give additional instructions when requested if the supplemental instructions properly inform with regard to the applicable law and the standard instructions do not adequately cover an area. *Sherrard v Stevens,* 176 Mich App 650, 655; 440 NW2d 2 (1988). The determination whether the supplemental instructions are applicable and accurate is within the trial court's discretion. *Id.* In this case, plaintiffs' proposed instruction accurately states the law as this Court held in our prior opinion in this case. The instruction was not necessary, however, because the standard jury instruction regarding the duty owed by a business owner to invitees, SJI2d 19.03, adequately covered the area. Thus, whether to give a special instruction regarding the duties recognized in *Mills, supra,* will be left to the discretion of the trial court on retrial.

Reversed and remanded for a new trial.