# Court of Appeals, State of Michigan

# ORDER

Joshua Zacks v Jeff Zacks

Docket No. 342274

LC No. 16-000653-NI

Elizabeth L. Gleicher
Presiding Judge

Cynthia Diane Stephens

Thomas C. Cameron
Judges

In its January 29, 2018 order, the trial court held that Defendant Total Outdoor was not, as a matter of law, required to indemnify Defendant, 1101 Washington, under their lease agreement. In our August 28, 2020 opinion, we concluded, *inter alia*, that the trial court erred because the issue of indemnification must be decided by the trier of fact, not decided as a matter of law. However, this Court's opinion erroneously stated that the trial court's order was "[a]ffirmed."

Accordingly, our August 28, 2020 opinion is hereby VACATED, and we issue a new opinion that correctly reflects that the trial court's opinion is affirmed in part, reversed in part, and remanded for proceedings consistent with the opinion.

/s/ Elizabeth L. Gleicher
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

November 19, 2020
Date

Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSHUA ZACKS,

        Plaintiff,

v

JEFF ZACKS, doing business as UNLIMITED
INSTALLATIONS SERVICES,

        Defendant.

and

1101 WASHINGTON, LLC,

        Defendant/Cross-Plaintiff-Appellant,

and

TOTAL OUTDOOR CORPORATION,

        Defendant/Cross-Defendant-Appellee.

UNPUBLISHED
November 19, 2020

No. 342274
Wayne Circuit Court
LC No. 16-000653-NI

ON RECONSIDERATION

Before: GLEICHER, P.J., and STEPHENS and CAMERON, JJ.

PER CURIAM.

Defendant-Cross-Plaintiff, 1101 Washington, LLC ("Washington"), appeals the trial court's January 16, 2018 order denying its motion for summary disposition. This appeal also concerns the trial court's January 29, 2018 order, which dismissed Washington's cross-claim. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In November 2013, Total Outdoor Corporation ("Total Outdoor") entered into a lease agreement with Washington for the purpose of installing, operating, and maintaining an advertising sign on the exterior of a building located at 1101 Washington Boulevard in Detroit,

Michigan. After entering into the lease, Total Outdoor contracted with defendant Jeff Zacks, doing business as Unlimited Installations Services ("Unlimited Installations"), for the installation of an advertising sign. On November 1, 2015, Jeff Zacks ("Jeff") asked plaintiff Joshua Zacks ("plaintiff") to come to the building the next day and to bring lunch for the workers installing the sign.

On November 2, 2015, plaintiff went to the building and proceeded to the building's roof. Plaintiff reached the roof by utilizing a staircase. After collecting lunch orders from the installation crew, plaintiff walked down the staircase to the building's second floor. Plaintiff did not recognize his surroundings. Instead of continuing down the stairs, plaintiff turned right and walked down an unlit hallway. Thereafter, plaintiff fell down an abandoned elevator shaft and sustained injuries to his head, back, feet, spinal cord, and pelvis.

Plaintiff filed suit in the trial court against several defendants. After commencement of the underlying action, Washington filed a cross-claim against Total Outdoor, seeking a declaration that Total Outdoor was contractually obligated to defend and indemnify Washington against plaintiff's claims under their lease agreement, which contained a "hold harmless" provision. After the close of discovery, Washington moved for summary disposition on its cross-claim, asserting that Total Outdoor was contractually obligated to defend and indemnify Washington. In response, Total Outdoor argued that Washington's motion should be denied because plaintiff's injuries did not occur on a portion of the " 'leased premises' that formed the basis of the contract between Washington and Total Outdoor." Total Outdoor also argued that summary disposition should be granted in its favor under MCR 2.116(I)(2). In a reply brief, Washington argued that the hold harmless provision in the lease applied to activities "in, on, or around the Building" and was not limited to activities occurring within the leased portion of the premises. Washington also argued that the lease provision broadly applied to claims "arising out of" Total Outdoor's exercise of its rights under the lease.

After hearing oral argument, the trial court denied Washington's motion in a January 16, 2018 opinion and order. The trial court determined that Washington was impermissibly seeking to "expand" the hold harmless provision "to include not only the leased premises but the entire building" and that Washington had failed to provide necessary facts to support its motion for summary disposition. The trial court also determined that Total Outdoor was not required to indemnify Washington for the latter's own negligence because the lease did not contain clear and explicit language expressing the parties' intent to that effect. On January 29, 2018, the trial court entered an order, which dismissed Washington's cross-claim. In so holding, the trial court referenced the rationale outlined in its January 16, 2018 opinion and order.

Washington sought, and was denied, interlocutory review in this Court. *Zacks v 1101 Washington, LLC*, unpublished order of the Court of Appeals, entered April 20, 2018 (Docket No. 342274). Subsequently, Washington sought leave to appeal to our Supreme Court. Under MCR 7.305(H)(1) and in lieu of granting leave to appeal, our Supreme Court remanded this case to this Court for consideration as on leave granted. *Zacks v Zacks*, 503 Mich 1013 (2019).

## II. STANDARDS OF REVIEW

"This Court reviews de novo whether a trial court properly granted a motion for summary disposition." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). In reviewing a grant or denial of summary disposition under MCR 2.116(C)(10), this Court considers "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sallie v Fifth Third Bank*, 297 Mich App 115, 117-118; 824 NW2d 238 (2012) (quotation marks and citations omitted). Summary disposition is proper under MCR 2.116(I)(2) "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment" as a matter of law.

The interpretation of clear contractual language is an issue of law that is reviewed de novo on appeal. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012). "Whether contract language is ambiguous is a question of law, which this Court reviews de novo." *Farm Bureau Mut Ins Co v Nikkel*, 460 Mich 558, 563; 596 NW2d 915 (1999).

## III. ANALYSIS

Washington argues that the trial court erred by denying its motion for summary disposition because, under the clear and unambiguous terms of the lease, Total Outdoor was required to defend and indemnify Washington against plaintiff's claims. We disagree.

Contracts are interpreted according to their ordinary and plain meaning. *DeFrain*, 491 Mich at 367. If a contract's language is clear, its construction is a question of law for the court. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353; 596 NW2d 190 (1999). However, "[i]f the contract is subject to two reasonable interpretations, factual development is necessary to determine the intent of the parties and summary disposition is therefore inappropriate. If the contract, although inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous." *Meagher v Wayne State Univ*, 222 Mich App 700, 722; 565 NW2d 401 (1997).

As relevant to this appeal, the relevant portion of the lease states:

> <u>Hold Harmless</u>. Tenant shall indemnify, defend and hold Landlord harmless from all claims, losses, damages, judgments and expenses, including reasonable attorney's fees arising out of Tenant's exercise of its rights under this Lease including the construction, installation, placing, operating, maintaining, servicing or removal of the Sign or otherwise occurring in, on, or around the Building from the acts or omissions of Tenant, its agent, employees, contractors or anyone acting at Tenant's discretion.

The parties agree that the hold harmless provision requires Total Outdoor to "indemnify, defend, and hold [Washington] harmless from all claims, losses, damages, judgments and expenses" that arise out of Total Outdoor's exercise of its rights under the lease. However, the parties disagree as to whether the provision also covers all claims and losses "otherwise occurring

in, on, or around the Building" that are unrelated to Total Outdoor's exercise of its rights under the lease, but resulting from the activities of Total Outdoor or its contractors.

We conclude that the hold harmless provision is not subject to only one interpretation. Specifically, when implementing the rules of contractual interpretation, it is unclear whether the phrase "occurring in, on, or around the Building from the acts or omissions of Tenant, its agent, employees, contractors or anyone acting at Tenant's discretion" is intended to be included in part of a disjunctive list or whether it is intended to be a standalone provision. The provision's structure begins with the general statement that Total Outdoor will indemnify and defend Washington from all claims and losses arising from Total Outdoor's exercise of its rights under the lease. The provision then uses the word "including" to introduce a list of actions that comprise those rights, i.e., "the construction, installation, placing, operating, maintaining, servicing or removal of the Sign[.]" The clause "otherwise occurring in, on, or around the Building" is preceded by the word "or," which "refers to a choice or alternative between two or more things." *AFSCME Council 25 v Wayne Co*, 292 Mich App 68, 92-93; 811 NW2d 4 (2011). Thus, the provision's grammatical structure (although inartfully worded) could support that the clause is part of a disjunctive list that concerns alternative ways in which Total Outdoor can exercise its rights under the lease. However, the grammatical structure could also support that Total Outdoor is required to "indemnify, defend, and hold [Washington] harmless from all claims, losses, damages, judgments and expenses . . . otherwise occurring in, on, or around the Building from the acts or omissions of Tenant, its agent, employees, contractors or anyone acting at Tenant's discretion." Because the hold harmless provision is "subject to two reasonable interpretations, factual development is necessary to determine the intent of the parties and summary disposition [was] therefore inappropriate." See *Meagher*, 222 Mich App at 722. The meaning of the indemnification clause must be decided by the trier of fact. See *Farmers Ins Exch v Kurzmann*, 257 Mich App 412, 418; 668 NW2d 199 (2003) ("Ambiguities in a contract generally raise questions of fact for the jury[.]").

Next, Washington argues that the trial court erred by requiring clear or explicit language within the lease to evidence the parties' intent that Total Outdoor was required to indemnify Washington for Washington's own negligence.[1] We agree.

When denying Washington's motion for summary disposition and when dismissing Washington's cross-claim, the trial court found that there was "no express agreement contained in the Lease at bar which would require [Total Outdoor] to indemnify [Washington] under the facts of this case." In doing so, the trial court stated that Michigan law followed the general rule that,

---

[1] Washington asserts the trial court raised this issue sua sponte when issuing its opinion denying Washington's motion for summary disposition. As a result, the issue does not conform to our traditional preservation requirements for appellate review. See *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005) ("Generally, an issue is not properly preserved if it is not raised before, and addressed and decided by, the trial court."). However, consistent with previous holdings of this Court, we find that, because the trial court considered and decided the issue, it is preserved for review. See *Mills v White Castle Sys, Inc*, 199 Mich App 588, 591-592; 502 NW2d 331 (1992) ("We believe that the trial court had the opportunity to consider the issue and that it was sufficiently preserved for review.").

absent clear and express language, an indemnification agreement cannot be construed to require an indemnitor to indemnify an indemnitee against its own negligence. However, as Washington points out, this rule of construction is no longer used by Michigan courts. See *Badiee v Brighton Area Sch*, 265 Mich App 343, 353; 695 NW2d 521 (2005) (holding that "[i]ndemnity clauses need not expressly mention the indemnitee's own acts to provide coverage for them"). Instead, courts are to determine "the parties' intent from other language in the contract, surrounding circumstances, or from the purpose sought to be accomplished by the parties." *Id*. (quotation marks and citations omitted). Thus, Washington is correct that the trial court relied on an invalid rule of law.

Washington further asserts that the lease's insurance provision provides suitable evidence that the parties' intended for Total Outdoor to indemnify Washington for its own negligence. The insurance provision provides as follows:

> Insurance. Tenant will, at all times during the term of this Lease, maintain at Tenant's expense a Commercial General Liability insurance policy naming the Landlord as an additional insured, with combined single limits of at least $1,000,000 for bodily injury or property damage. Tenant shall pay all premiums therefore as due and shall deliver, upon request of the Landlord, a copy of the certificate of insurance.

Without reference to either the record or any legal authority, Washington asserts that the *only* reason for this insurance provision would be for Total Outdoor to indemnify Washington and, thus, provides evidence of the parties' intent and serves as a basis for summary disposition concerning Total Outdoor's obligations under the lease. However, as a general rule "[s]ummary disposition is suspect where motive and intent are at issue . . . ." *Foreman v Foreman*, 266 Mich App 132, 135; 701 NW2d 167 (2005). Moreover, after reviewing the record, we conclude that the arguments were not fully developed before the trial court.

In sum, although the trial court properly denied Washington's motion for summary disposition, it did so for the wrong reasons and erred by holding that Total Outdoor was not required to indemnify Washington for the latter's own negligence because the lease did not contain clear and explicit language expressing the parties' intent to that effect. The trial court also erred by granting summary disposition in favor of Total Outdoor on the cross-claim given the ambiguities in the contract. Therefore, we reverse the trial court's January 29, 2018 order and affirm its January 16, 2018 order to the extent that it denied Washington's motion for summary disposition. See *Varela v Spanski*, 329 Mich App 58, 72; 941 NW2d 60 (2019) ("an appellate court may affirm the lower court if that court reached the right result for the wrong reason").

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens
/s/ Thomas C. Cameron

-5-