# STATE OF MICHIGAN

# COURT OF APPEALS

CATHY A. ROSE,

Plaintiff-Appellant,

v

WEICHERT REALTORS EXCEL,

Defendant,

and

FNMA a/k/a FANNIE MAE,

Defendant-Appellee.

UNPUBLISHED
July 23, 2015

No. 321528
Oakland Circuit Court
LC No. 2013-133281-NO

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

In this premises liability case, plaintiff appeals as of right from the trial court's order granting defendant Fannie Mae's motion for summary disposition.[1] For the reasons provided below, we affirm.

## I. BASIC FACTS

This case involves a fall that occurred on property located at 358 Dover in Waterford, Michigan. The property was for sale, and plaintiff's boyfriend, Michael Crane, had previously put in an offer to purchase the property. Crane, who had visited the property previously, brought a ladder to the property early in the day on August 2, 2010, ostensibly to conduct some further inspections inside the home. Later in the day, plaintiff and Crane were driving by, when they realized that the home's lockbox[2] was missing. At or around this time, Crane realized that he

---

[1] Defendant Weichert Realtors Excel was dismissed via stipulation at the trial court. Thus, our use of the term "defendant" in this opinion will refer only to defendant Fannie Mae.

[2] Plaintiff described this as being the box that real estate agents would access in order to gain a key to obtain entry to the home.

had forgotten his ladder inside the home from earlier that day. Unable to get a hold of Crane's real estate agent, plaintiff called the seller's agent, Lisa Bommarito. Bommarito explained that there was another key hidden in the backyard near the utility meters and gave plaintiff and Crane permission to enter the premises.

Plaintiff and Crane exited their vehicle, walked up the driveway toward the detached garage, and made their way to the backyard of the house. Crane led the way and was approximately 10 feet in front of plaintiff. The concrete for the driveway also extended off to the one side, where it acted as a pseudo-patio and walkway to the house. While the concrete was level, it was raised several inches above the rest of the back yard. Consequently, the concrete portion acted as a "step" to the ground. When plaintiff got to the backyard, Crane already was at or near the utility box attempting to get the key to the house. Plaintiff testified that she was looking "everywhere" but did not notice the elevation difference between the concrete and the ground.[3] Consequently, when she placed only the inside of her right foot on the concrete with the outer half hanging over the ground, she severely twisted her ankle and fell to the ground, resulting in various injuries.

Plaintiff filed a single-count complaint, alleging premises liability. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff cannot establish a breach of any duty because plaintiff was a licensee and that even if she were an invitee, dismissal nonetheless was appropriate because the condition plaintiff complained of was open and obvious. Plaintiff responded and argued that she was an invitee because she "was on the premises as a member of the public inspecting property which was held open to the public for sale." Plaintiff also argued that the defect was not open and obvious. Plaintiff relied on the report by a proposed expert, Terence Campbell, who opined that "the manner in which [the] backyard walkway and step blended into each other made it impossible for [plaintiff] to identify the step. Identifying this step necessitated a figure-ground discrimination, but the visual blending of the walkway and step prohibited that discrimination."

The trial court granted defendant's motion, concluding that plaintiff was a licensee. The court also noted that differing levels on premises are not actionable unless unique circumstances make the situation unreasonably dangerous. Here, the court determined that the step was open and obvious with no special circumstances or aspects surrounding the condition. Further, the court noted that Campbell's report was inadequate to create a question of fact because instead of utilizing the proper, objective test, he utilized a purely subjective test.

## II. ANALYSIS

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition.

---

[3] Plaintiff initially opined that even if one had been looking down, one would not have been able to notice the elevation difference. But later, she seemingly clarified her testimony when she stated that if she had been looking down within 12 inches of the step, then she would have discerned the elevation difference.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint and is reviewed by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition is proper under this subrule "when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012).

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). However, the duty owed by a landowner depends on the visitor's status as a trespasser, licensee, or invitee at the time of the injury. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). Moreover, landowners are not absolute insurers of the safety of their guests. See *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 94; 485 NW2d 676 (1992); *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712-713; 737 NW2d 179 (2007).

In the instant case, because there is no question that plaintiff had permission from the real estate agent to enter the premises, she is not a trespasser. Thus, the question is whether she was a licensee or an invitee.

"A 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent." *Stitt*, 462 Mich at 596. "[A] landowner owes a licensee a duty to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the hidden danger involves an unreasonable risk of harm and the licensee does not know or have reason to know of the hidden danger and the risk involved." *Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 65; 680 NW2d 50 (2004). "The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. Typically, social guests are licensees who assume the ordinary risks associated with their visit." *Stitt*, 462 Mich at 596.

> An "invitee" is a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception. The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards. Thus, an invitee is entitled to the highest level of protection under premises liability law. [*Id.* at 596-597 (quotation marks and citations omitted).]

This Court recently has held that "a plaintiff will be granted invitee status only if the purpose for which she was invited onto the owner's property was 'directly tied to the owner's commercial business interests.'" *Sanders v Perfecting Church*, 303 Mich App 1, 5; 840 NW2d 401 (2013), quoting *Stitt*, 462 Mich at 603-604. In other words, "the owner's primary reason for

inviting persons onto the premises is the primary consideration when determining the visitor's status," and that reason must be directly tied to the owner's commercial business interests. *Stitt*, 462 Mich at 604.

Here, the evidence indicates that the sole reason for plaintiff being invited onto the premises was for her and Crane to retrieve a ladder he had mistakenly left behind earlier. While Crane had a pending offer to purchase the home, plaintiff was merely Crane's companion that day to retrieve his ladder and had no such commercial relationship with defendant or its real estate agent. As a result, it is clear that the invitation for her to enter the property was not "directly tied to the owner's commercial business interests." Hence, as a matter of law, plaintiff was a licensee.

Therefore, because plaintiff was a licensee, defendant had no duty to warn plaintiff unless it knew of a hidden, unreasonably dangerous condition. *Jahnke v Allen*, ___ Mich App ___; ___ NW2d ___ (Docket No. 317625, issued December 16, 2014), slip op, p 2, citing *Burnett v Bruner*, 247 Mich App 365, 372; 636 NW2d 773 (2001); *Kosmalski*, 261 Mich App at 65. Here, there was no evidence presented that defendant, who was an owner—not a possessor-owner, knew of the step in the back yard.

In any event, even if defendant were aware of the step, assuming that it was "hidden," there was no evidence that the condition was unreasonably dangerous. Whether a condition constitutes an unreasonably dangerous condition is a question of law. *Bullard v Oakwood Annapolis Hosp*, ___ Mich App ___; ___ NW2d ___ (Docket No. 317334, issued December 9, 2014), slip op, p 4. The evidence reflected that the patio was raised up several inches[4] above the ground, resulting in a large, platform or de facto step. "An 'unreasonably dangerous hazard must be just that—not just a dangerous hazard, but one that is unreasonably so. And it must be more than theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances.'" *Id.*, quoting *Hoffner v Lanctoe*, 492 Mich 450, 472; 821 NW2d 88 (2012) (emphasis and some quotation marks omitted). Here, the step from the patio down to the ground does not constitute an unreasonable dangerous condition because it does not pose "a substantial risk of death or severe injury." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 518; 629 NW2d 384 (2001). On the contrary, to illustrate how a condition may pose a substantial risk of death or severe injury, our Supreme Court used the example of a 30-foot deep pit. *Id.* Clearly, a several inch tall step does not pose the same type of risk of injury that a 30-foot deep pit poses, and this type of risk is insufficient to qualify as an unreasonably dangerous hazard.

In fact, our Supreme Court in *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995), has observed that

---

[4] While the pictures submitted at the trial court all show the step to be approximately four to five inches high, plaintiff testified that she thought the height ranged anywhere from four to seven inches.

[s]teps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe steps, and will take appropriate care for his own safety. Under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps "foolproof." Therefore, the risk of harm is not unreasonable.

As a result, the step in the instant case did not pose an unreasonable risk of harm, and defendant did not have a duty to warn plaintiff about it. Thus, the trial court properly granted defendant's motion for summary disposition.

Moreover, even if plaintiff were an invitee, defendant's motion for summary disposition nonetheless was properly granted. In this circumstance, defendant would have owed plaintiff a duty to exercise reasonable care to warn or protect her from unreasonable risks of harm stemming from dangerous conditions on the land. *Ghaffari v Turner Constr Co*, 473 Mich 16, 21; 699 NW2d 687 (2005); *Bertrand*, 449 Mich at 609. However, this duty does not require a landowner to protect an invitee from dangers that are open and obvious. *Benton*, 270 Mich App at 440-441. Whether a hazard is open and obvious is preliminarily a question of law. *Knight v Gulf & Western Props, Inc*, 196 Mich App 119, 126; 492 NW2d 761 (1991), citing *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 95-97; 485 NW2d 676 (1992). A plaintiff's failure to see a hazardous condition does not eliminate the applicability of the open and obvious doctrine because the test is objective: the test is whether an average user of ordinary intelligence would have discovered the hazard upon casual inspection. *Watts v Mich Multi-King Inc*, 291 Mich App 98, 103; 804 NW2d 569 (2010); *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993).

At the outset, plaintiff's reliance on Campbell's expert opinion to create a question of fact on this issue was misplaced. Campbell opined that the step was not discernable *for plaintiff*, but the test for whether a hazard is open and obvious is an *objective* one. *Watts*, 291 Mich App at 103; *Novotney*, 198 Mich App at 474-475. Moreover, because whether the hazard was open and obvious was a matter of law for the court to decide, expert testimony was not permissible. *Lenawee Co v Wagley*, 301 Mich App 134, 161; 836 NW2d 193 (2013).

After reviewing all of the submitted evidence, we conclude that the hazard was open and obvious. While some of the photos plaintiff submitted arguably showed how the step blended into the background,[5] other photos taken closer to the step coupled with plaintiff's testimony reveal that the height differential between the patio and the ground was discernable. For instance, plaintiff admitted that when she was close to the step and looked down, the height differential between the step and the ground was noticeable, which evidences that it was

---

[5] These particular photos were taken from a considerable distance away from the step and lacked resolution.

"discoverable by a user of average intelligence upon casual inspection." Accordingly, even assuming plaintiff was an invitee, summary disposition was proper.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello