# STATE OF MICHIGAN

# COURT OF APPEALS

ABEY BACHROUCHE,

        Plaintiff-Appellant,

v

FATEM HALAWI,

        Defendant-Appellee.

UNPUBLISHED
February 7, 2017

No. 329382
Wayne Circuit Court
LC No. 14-001557-NZ

Before: SERVITTO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting summary disposition in defendant's favor in this premises liability action. We affirm.

On February 11, 2011, plaintiff slipped and fell on black ice in defendant's driveway, incurring injuries which required surgery. Plaintiff asserted that defendant was aware of the icy condition of the driveway, that the condition was effectively unavoidable, and that defendant failed to remedy or warn plaintiff of the icy condition, thus rendering defendant liable for plaintiff's injuries based on theories of negligence and nuisance. Defendant moved for summary disposition under MCR 2,116(C)(8) and (10), contending that the icy condition was open and obvious and contained no special aspects such that she could not be held liable for plaintiff's injuries. Defendant also asserted that plaintiff could not establish any of the elements necessary to sustain his nuisance claim. The trial court granted defendant's motion under MCR 2.116(C)(10), finding that there was no invasion of plaintiff's interest in the private use and enjoyment of land to merit a claim of nuisance and that there was no genuine issue of material fact that the icy condition was open and obvious, warranting dismissal of plaintiff's negligence claim. This appeal followed.

We review the trial court's grant of summary disposition de novo. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002). As succinctly stated in *Wilson v Alpena Co Rd Com'n*, 474 Mich 161, 166; 713 NW2d 717 (2006):

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. The trial court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion, and if the proffered evidence fails to

-1-

establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4).
(internal citations omitted).

A landowner's duty to a person on his or her land depends upon that person's status. Michigan generally recognizes three categories of persons who enter upon the land or premises of another with differing standards of care owed to each category of persons. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000), as amended (Sept. 19, 2000). The first category is a trespasser, who enters upon another's land without consent and to whom the landowner owes no duty except to refrain from injuring the trespasser by willful and wanton misconduct. *Id*. The second category is an invitee, who enters upon another's land by invitation (such as for business purposes), and to whom the landowner owes the duty to warn of any known dangers and to inspect the premises and make and reasonable repairs or warn of discerned hazards (i.e., to make the premises safe). *Id*. at 596-597. The third and final category is a licensee, who is privileged to enter on the land of another by consent (such as social guests) and to whom the landowner owes a duty only to warn of any hidden dangers that the landowners knows or has reason to know of, if the licensee does not know or have reason to know of the danger. *Id*. at 596.

There is no dispute that plaintiff is a licensee in this case. A landowner does not owe a licensee a duty to inspect or to repair in order to make the premises safe for a licensee's visit. *Burnett v Bruner*, 247 Mich App 365, 378; 636 NW2d 773 (2001). Additionally, a possessor of land has no obligation to take any steps to safeguard licensees from conditions that are open and obvious. *Pippin v Atallah*, 245 Mich App 136, 143; 626 NW2d 911 (2001). A danger is open and obvious if an average user with ordinary intelligence would be able to discover the danger and the risk presented upon casual inspection. *Novotney v Burger King Corp*, 198 Mich App 470, 475; 499 NW2d 379 (1993). The open and obvious doctrine is not an "exception" to the duty or duties owed by landowners, but is, instead, an integral part of the definition of that duty or duties. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). And, liability may be imposed despite the fact that a danger is open and obvious if special aspects of the condition exist, such as where the condition is effectively unavoidable or where the risk of the danger creates such an unreasonably high risk of harm that the imposition of liability is justified. *Id*. at 517-519.

On appeal, plaintiff first contends that the trial court erred in granting summary disposition in defendant's favor because darkness (as opposed to daytime light or artificial illumination) negates the open and obvious defense. We disagree.

Plaintiff cites to *Abke v Vandenberg*, 239 Mich App 359; 608 NW2d 73 (2000) and *Knight v Gulf & W Properties, Inc*, 196 Mich App 119; 492 NW2d 761 (1992) for the proposition that darkness presents an exception to application of the open and obvious rule. In *Abke*, an invitee plaintiff was led to a hay supply barn by defendant so that plaintiff could purchase hay. Defendant led plaintiff through a sliding door and, after closing the door, plaintiff turned and fell off a dark loading dock into a truck bay, incurring injuries. *Abke*, 239 Mich at 360. Noting the differing testimony concerning lighting in the area of the loading dock, this Court determined that because "a factual discrepancy concerning the visibility of the truck bay existed . . . the trial court properly denied defendant's motions for a directed verdict and for

judgment notwithstanding the verdict or a new trial. *Id*. at 362-363. This Court also stated that even if the condition that caused the plaintiff's fall had been open and obvious "there was a question of fact regarding whether the bay's proximity to the sliding door created an unreasonably dangerous condition" and that the trial court thus had an alternative basis to deny the defendant's motions. *Id*. at 363-364.

In *Knight*, the invitee plaintiff went to defendant's vacant warehouse, which he knew to be inadequately lit, to show it to a potential buyer. *Knight*, 196 Mich App at 120. As he turned to leave the warehouse, the plaintiff fell off a loading dock that was located in an interior portion of the building. *Id*. at 121. This Court held that the condition that caused the plaintiff's injuries was not open and obvious:

> The fact that defendant's vacant warehouse was not adequately lighted was both obvious and known to plaintiff, but there was no evidence that he was aware or had reason to anticipate that there were interior loading docks that otherwise were not marked or blocked off. Certainly there was no need to warn plaintiff of the dark. However, there was no evidence that plaintiff could intelligently choose not to encounter the hidden risk posed by the recessed loading dock. The claimed cause of plaintiff's injuries was not simply a dark warehouse; the claimed defect that allegedly caused plaintiff's injuries was an unknown, unexpected, and unseen drop-off, which was claimed to be virtually undetectable in the dark interior. Plaintiff was told that there were loading docks, and the exterior docks were open and obvious, but the specific location of one of the docks in the interior of the warehouse was not disclosed and plaintiff had no reason to know or expect that there were interior docks without a warning from defendant. [*Id*. at 127-128]

This Court further held:

> A jury could find from the evidence that defendant should have been aware that a real estate agent invited to show the property to prospective buyers would choose to enter the dark premises despite the obvious danger caused by the lack of lighting. A jury could also find that the interior recessed loading dock posed a significant risk if hidden or disguised because of the inadequate lighting. In light of the fact that defendant was aware of the inadequate interior lighting and the inside loading dock, it was for the jury to decide whether defendant should have reasonably anticipated that plaintiff would choose to proceed even when confronted by the obvious danger, and whether defendant took adequate measures to protect plaintiff from harm. [*Id*. at 129–130]

We would first note that this case differs from both *Abke* and *Knight* in that plaintiff here is a licensee rather than an invitee. Defendant thus owes plaintiff a duty only to warn of any hidden dangers that the landowners knows or has reason to know of, if plaintiff does not know or have reason to know of the danger. *Stitt*, 462 Mich at 596. The landowners in *Abke* and *Knight*, owed those invitee plaintiffs this same duty, but also owed the plaintiffs the *additional* duties to inspect the premises and to make the premises safe. *Stitt*, 462 Mich at 596-597. Invitees are owed the highest level of protection under premises liability law, and thus a higher level than

that owed to licensees. *Sanders v Perfecting Church*, 303 Mich App 1, 5; 840 NW2d 401 (2013).[1]

More importantly, in both *Abke* and *Knight*, the darkness impacted whether the condition that caused the plaintiffs' injuries was considered to be open and obvious due to a lack of outside factors that would put a reasonable person on notice of the condition. In other words, if the condition was of the type and nature one would expect to find in the location where the injury occurred, darkness would not serve to raise a question of fact as to whether the condition was open and obvious because one would be on notice of the potential existence of the condition despite the darkness. For example, desks are expected to be in a classroom. If one enters a classroom, but the classroom is dark and one trips and falls over a desk, incurring injuries, the darkness does not abrogate application of the open and obvious doctrine because desks are something that one would expect to find in a classroom. If, however, one enters a dark classroom and falls into a hot pit of tar, the open and obvious doctrine would likely be inapplicable because the darkness obscured a condition that one would have no reason to anticipate would be in a classroom. It is the unexpectedness of the danger due to its location or its nature, *coupled* with darkness, that serves to render an otherwise observable danger no longer open and obvious.

In the case at bar, plaintiff was exiting his vehicle in a dark driveway in February, in Michigan when he fell. Weather records indicate that approximately nine days prior to the fall, Wayne County, where the incident took place, had endured a rather heavy snowstorm that blanketed the county with anywhere from 6.6 to 9 inches of snow. Five days prior to the fall, another 3.2 to 6.2 inches of snow fell. The week prior to the fall also saw wind gusts and temperatures ranging from -5 to 34 degrees.

Plaintiff testified at his deposition that the weather was cold that day and that he observed snow on the ground in some places during his travels earlier that day. Plaintiff also testified that he had encountered ice that day, though he had no problems driving. According to plaintiff, as he approached the garage in his car, the headlights bouncing off the garage door blinded him so he turned his headlights off. Plaintiff testified that he saw no snow or ice on the driveway either before or after his fall, but could feel wetness on his clothes after he fell. An affidavit submitted by plaintiff indicated that the snow and ice he encountered on the day of his fall during his prior travels was generally limited to lawns, berms, and other areas not associated with pedestrian travel or roadways.

The fact that plaintiff claimed he did not see the ice prior to the incident due to darkness is irrelevant. All surrounding facts put him on notice that ice *may* be present. Ice was not an unexpected hazard in the driveway considering that plaintiff had seen it in other locations that very day, and because the weather had been snowy and cold, with varying temperatures throughout the previous days. We would further note that in both his deposition testimony and affidavit, plaintiff stated that as he turned into the driveway he "almost immediately" turned his

---

[1] The unpublished cases cited by plaintiff are not binding and thus have no precedential value, and they also involve invitees rather than licensees.

headlights off to avoid a reflection from the garage door, thus presenting a circumstance where plaintiff may have contributed to his own inability to see the ice.

Moreover, the consideration of whether a defect is open and obvious employs an objective standard which calls for "an examination of the objective nature of the condition of the premises at issue." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012)(internal quotation marks omitted). Darkness is not a defect or condition of the *premises*, nor is some aspect, special or not, of the driveway. The trial court thus did not err in finding that the condition which caused defendant's fall; the ice, was open and obvious.[2] Because a landowner only owes a licensee the duty to warn of any hidden dangers that the landowners knows or has reason to know of, if the licensee does not know or have reason to know of the danger, *Stitt*, 462 Mich at 596, and plaintiff had reason to know of the danger, we need not consider plaintiff's arguments that defendant had notice of the icy condition of the driveway, or that defendant failed to warn plaintiff of the condition.[3]

Plaintiff next contends that the icy condition was effectively unavoidable, thus barring application of the open and obvious doctrine. We disagree.

As this Court observed in *Pippin*, 245 Mich App at 143, "with regard to licensees, *no* liability arises if the licensee knows or has reason to know of the danger, or if the possessor should expect that the licensee will discover the danger." (emphasis added). Plaintiff being a licensee, defendant's liability ceased once the condition was determined to be open and obvious. The special aspects analysis is inapplicable. Summary disposition in defendant's favor was appropriate.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Amy Ronayne Krause

---

[2] We reach this conclusion irrespective of the trial court's citation to or reliance upon *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474; 760 NW2d 287 (2008), which plaintiff claims is misplaced.

[3] We also do not consider plaintiff's erroneous argument that defendant owed him a duty to make safe the condition, as a landowner owes no duty to make a premises safe for licensees. *Burnett*, 247 Mich App at 378.