*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROSALBA MCNAMARA,

        Plaintiff-Appellant,

v

TEQUILAS MEXICAN GRILL, LLC, and
RAUL ESCAMILLA,

        Defendants-Appellees.

UNPUBLISHED
July 21, 2022

No. 357030
Eaton Circuit Court
LC No. 19-001039-NI

Before: MARKEY, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(10). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On May 1, 2019, plaintiff fell in the vestibule of Tequilas Mexican Grill (Tequilas),[1] as she and her husband were exiting the restaurant. The fall occurred when plaintiff stepped off the edge of a wheelchair ramp leading to the main entrance doors. According to plaintiff, the ramp's edge was concealed by a horizontally-placed floor mat.

Plaintiff testified at her deposition that she and her husband arrived at Tequilas at approximately 5:45 p.m. for dinner. She further testified that May 1, 2019 was not her first time at Tequilas and that, prior to her fall, she and her husband would patronize Tequilas as many as two to three times per week. Plaintiff also testified that she was familiar with the ramp area.

At the time of plaintiff's fall, the main entrance into the restaurant had two double doors that opened into a vestibule. The vestibule contained a wheelchair accessible ramp that led up to

---

[1] Tequilas is a restaurant owned by defendant Tequilas Mexican Grill, LLC. Defendant Raul Escamilla is the registered agent of Tequilas Mexican Grill, LLC.

-1-

another set of double doors that opened into the dining area. The wheelchair ramp (at its highest point) was approximately four inches high. The floor of the vestibule was made of beige-colored tile. The ramp's surface consisted of the same tile used to cover the vestibule floor. The parties agree that a floor mat lay on the ramp.

Plaintiff testified that as she was exiting through the double doors from the dining room, she stepped to the right because there were people coming into the vestibule from the main entrance. According to plaintiff:

> Now, the front door there was a couple of people walking in. My husband was in front of me. Like I say, the mat was going this way, so I have my wallet and my phone, and my husband opened the door. I went to the right and then all of a sudden I'm on, like I put my foot down and then I found myself, like my wallet, my phone, everything went out, and I put my hands out to try not that it my face, but then I hit down. I went down.

Defense counsel further inquired about how the accident happened:

*Q*. And that's when the accident happened, your foot caught on the side of the ramp, you fell forward, caught yourself with our [sic] arms?

*A*. Yea, because you couldn't tell. Like when you looked down you looked like you were stepping into the foyer.

Plaintiff filed a complaint against defendants, alleging negligence/premises liability and gross negligence.[2] After discovery, defendants moved for summary disposition, arguing in part that there was no genuine issue of material fact that the alleged hazard was open and obvious and that defendants had no notice of a floor rug concealing the edge of the ramp. The trial court, without addressing the notice issue, granted summary disposition in favor of defendants. It concluded that plaintiff's gross negligence and nuisance claims were deficient as a matter of law[3]; it further concluded that plaintiff's negligence/premises liability claim was purely one of premises liability and not of ordinary negligence, and that there was no genuine issue of material fact that the alleged hazard was open and obvious. The trial court subsequently denied plaintiff's motion for reconsideration.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transp,* 456 Mich 331, 337; 572 NW2d 201 (1998). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and

---

[2] Plaintiff later amended her complaint to also allege a count of nuisance.

[3] Plaintiff does not challenge the trial court's ruling with respect to her claims for gross negligence or nuisance.

the moving party is entitled to judgment as a matter of law." *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013) (quotations marks and citation omitted). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Id*. (quotation marks and citation omitted).

## III. ORDINARY NEGLIGENCE/PREMISES LIABILITY

Plaintiff asserts that the trial court erred by granting defendants' motion for summary disposition based on the open and obvious doctrine, because plaintiff's claim sounded in both ordinary negligence and premises liability. We disagree. "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254, 258 (2012). "In a premises liability action, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014) (quotation marks and citation omitted). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*.

In this case, plaintiff's complaint contained a claim labeled "Negligence," with a sub-heading of "Premises Liability." Even if we were to construe it as asserting both ordinary negligence and premises liability claims, there is no evidence suggesting that defendants' conduct (or the conduct of its agents), rather than a condition on the land, was the basis of the alleged liability. Plaintiff's injury was alleged to have occurred because of a condition on the land, the rug-covered ramp, rather than defendants' conduct. While defendants may have created the condition on the land, that does not transform the premises liability action into one alleging ordinary negligence. See *Buhalis*, 296 Mich App at 692. "A plaintiff cannot avoid the open and obvious danger doctrine by claiming ordinary negligence, when the facts only support a premises liability claim, as they do here." *Jahnke*, 308 Mich App at 476. As a result, plaintiff's claim sounds solely in premises liability and there is no merit to her argument that the trial court erred by so construing her claim.

## IV. OPEN AND OBVIOUS

Plaintiff also argues that the trial court erred by determining that the alleged danger was open and obvious. We disagree. To prevail on a claim of negligence, a plaintiff must prove: "(1) duty, (2) breach, (3) causation, and (4) damages." *Hannay v Dep't of Transp*, 497 Mich 45, 63; 860 NW2d 67 (2014). For a negligence claim brought under a theory of premises liability, the premises possessor's duty is dependent on the status of the plaintiff at the time of the injury. *Burnett v Bruner*, 247 Mich App 365, 368; 636 NW2d 773 (2001). It is undisputed that plaintiff was an invitee of defendants' restaurant. "A premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). That duty of care is breached when the premises possessor knows or should know of

a dangerous condition on the premises of which the invitee is unaware, and fails to fix, guard against, or warn the invitee of the defect. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016).

However, a premises possessor generally has no duty to warn an invitee of an open and obvious hazard. "[W]hether a danger is open and obvious is judged from an objective standard, considering whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Estate of Goodwin v Northwest Fair Ass'n*, 325 Mich App 129, 158; 923 NW2d 894 (2018) (quotation marks and citation omitted). In *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 95-96; 485 NW2d 676 (1992), our Supreme Court observed:

> [T]he "no duty to warn of open and obvious danger" rule is a defensive doctrine that attacks the duty element that a plaintiff must establish in a prima facie negligence case. A negligence action may only be maintained if a legal duty exists which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm. If the plaintiff is a business invitee, the premises owner has a duty to exercise due care to protect the invitee from dangerous conditions. However, *where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee* unless he should anticipate the harm despite knowledge of it on behalf of the invitee. [Quotation marks and citations omitted; emphasis added.]

The emphasized language from *Riddle* reflects that a "duty" generally owed to an invitee does not arise when (1) an invitee actually knows of a pertinent hazard or danger, or (2) an invitee should have reasonably been expected to discover the hazard because of its obviousness.

In this case, plaintiff's own testimony makes it evident that plaintiff had actual knowledge of the ramp and would have been aware of the height differential regardless of whether the ramp's edge was fully concealed by the floor mat. Plaintiff testified that she is a regular customer of Tequilas and that she visited the restaurant as many as two to three times per week before she fell. Plaintiff testified that she was familiar with the ramp area. Plaintiff also testified that she walked along the ramp to enter the restaurant dining area on May 1, 2019. Although plaintiff did not recall the exact positioning of the rug, reason dictates that plaintiff knew or would have noticed that the ramp inclined to the second set of double doors and that stepping off the ramp could result in a fall. Plaintiff's testimony further suggests that she did not inspect where she was stepping. She testified: "[T]here was a couple of people walking in . . . . I went to the right and then all of a sudden . . . I put my foot down and . . . I went down." Given the fact that plaintiff was familiar with the ramp and easily walked up the ramp and through the same door through which she entered, any danger posed by the rug on the ramp was open and obvious.

Plaintiff also appears to argue that special aspects of the ramp rendered it unreasonably dangerous. We disagree. "[A] premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich at 517. An unreasonably dangerous hazard is a

-4-

hazard that is more than "theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Hoffner v Lanctoe*, 492 Mich 450, 472; 821 NW2d 88 (2012). A condition is unreasonably dangerous if it posed "a substantial risk of death or severe injury." *Lugo*, 464 Mich at 518.

In this case, the evidence does not present a genuine issue of material fact regarding whether any special aspects existed to impose a duty on defendants to protect plaintiff from the open and obvious condition. Evidence established that the ramp's edge did not pose an unreasonable risk of severe harm. According to defendant Escamilla's testimony, the ramp (at its highest point) was approximately four inches tall. There is nothing about the ramp or its edge's being concealed by a floor mat that would pose a substantial risk of death or severe injury. *Id.* Therefore, to the extent that plaintiff argued that the alleged hazard was unreasonably dangerous, the trial court correctly rejected that argument.

Affirmed.[45] As the prevailing parties, defendants may tax costs. MCR 7.219(A).

/s/ Jane E. Markey
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

---

[4] On appeal, plaintiff has provided several text messages between a former Tequilas employee and plaintiff's husband to support her argument that the ramp's edge was concealed and not an open and obvious danger. However, these text messages were not presented to the trial court and therefore are not part of the lower court record. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Therefore, we have not consider these text messages.

[5] Plaintiff also argues that the trial court erred by citing to an unpublished opinion of this Court. We disagree. The unpublished opinion cited by the trial court was factually and legally relevant to the case before the trial court, and contained citations to published Court precedent supporting the trial court's holding. "[U]npublished opinions may be persuasive, especially when the unpublished case involves similar facts or when little published authority exists that is on point." *Miclea v Cherokee Ins Co*, 333 Mich App 661, 670; 963 NW2d 665 (2020).